**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re ANGELA DENISE WHITE, ) | Case No. 11-60956-LYN |
| ) | |
| Debtor, ) | |
| ) | Adv. No. 12-06016 |

**MEMORANDUM**

Angela Denise White ("the Debtor" or "the Plaintiff") filed a complaint to avoid a judgment lien of East Bay Funding, LLC.("East Bay"). East Bay did not answer. The Debtor filed a motion for default judgment, which is now before the court.

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law.

*Facts*

On or about April 11, 2011, the Debtor filed a petition initiating the above-styled Chapter 13 bankruptcy case. The Debtor scheduled Bank of America as a secured creditor in the amount of $10,812.00 with a recorded judgment lien against property of the estate commonly known as 440 Bradley Road, Danville, Virginia. The Debtor also schedule FIA Services as "representing" Bank of America.

On May 16, 2011, FIA Card Services, N.A. filed an unsecured proof of claim ("the Claim") in the amount of $9,512.09. On August 31, 2011, FIA Card Services, N.A. filed a notice of transfer of the Claim to CR Evergreen II, LLC. On December 23, 2011, CR Evergreen

1

II, LLC, filed a notice of transfer of the Claim to East Bay Funding, LLC ("East Bay"). Neither of the transfers indicates that the Claim is secured.

On February 23, 2012, the Debtor filed a complaint initiating the above-styled adversary proceeding. Neither East Bay nor any of the other defendants filed an answer. The Clerk entered default and the Debtor filed a motion for default judgment. That motion is now before the court.

*Discussion*

When an application is made to the court under rule 55(b)(2) for the entry of judgment by default, the trial court is required to exercise sound judicial discretion in determining whether the judgment should be entered. 10A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure Civil 2d § 2685 (1998). Entry of a default judgment is not a matter of right that flows automatically from a defendant's failure to respond to the complaint, but rather a matter of the court's discretion. D'Onofrio v. II Mattino, 430 F.Supp. 431, 437 (D.C. Pa. 2006) Also see, Lau Ah Yew v. Dulles 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court.").

The Court accepts well-pleaded facts as true, but those facts must give rise under the law to the relief requested.

> . . . "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. [Footnote omitted] As the Supreme Court stated in the "venerable but still definitive case"[Footnote omitted] of Thomson v. Wooster: a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. at 113, 5 S.Ct. at 792, 29 L.Ed. at 108. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, [Footnote omitted] a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. Thomson v. Wooster; Ohio Central Railroad Company v. Central Trust Company of New York;

Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200 (5th Cir 1975). In this case, the facts as pleaded do not support the relief requested by the Debtor.

The complaint is brought under 11 U.S.C. § 506(d), which provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless–
    (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
    (2) such claim is not an allowed *secured claim* due only to the failure of any entity to file a proof of *such claim* under section 501 of this title.

(Emphasis added.) The Debtor argues that the lien securing East Bay's Claim may be avoided because it is an allowed unsecured claim, because the pre-ambulatory language in Section 506(d) provides that a lien is void to the extent that it secures a claim that is not an allowed secured claim and because neither of the exceptions apply. It is true that East Bay's Claim is an allowed unsecured claim.[1] It is also true that the pre-ambulatory language in Section 506(d) provides that a lien is void if it secures a claim that is allowed only as an unsecured claim. It is not true, however, that neither of the exceptions apply in this case.

The second exception to the pre-ambulatory language provides that the lien is not void if the creditor's claim is not an allowed secured claim only because the creditor did not file a *secured* proof of claim. The term "such claim" in the language of Section 506(d)(2) refers only to a secured proof of claim, not to an unsecured proof of claim. Application of the rule of the last antecedent[2] requires such an interpretation. The last antecedent use of the term "claim" prior

---

[1] A creditor may file a proof of claim. 11 U.S.C. § 501(a). A claim filed under Section 501(a) is deemed allowed, unless objected to. 11 U.S.C. § 502(a). It follows that a claim that is filed is an allowed claim unless objected to. It also follows that the claim is allowed as filed. Neither the Debtor nor any other entity has objected to East Bay's Claim. East Bay then has filed a proof of claim and that claim is to be allowed as filed, to wit, as an unsecured claim.

[2] The last antecedent rule is a doctrine of interpretation (construction) of statutes that any qualifying words or phrases refer to the language immediately preceding the qualifier, unless common sense shows that it was meant to apply to something more distant or less obvious.

to the use of the term "such claim" is the phrase "allowed secured claim". Therefore, the term "such claim" refers only to the secured portion of the claim. East Bay filed an unsecured proof of claim. It did not file a secured proof of claim. Accordingly, the second exception applies and the Debtor may not avoid the lien.

The motion for default judgment will be denied, and, if the Debtor does not file a notice of appeal within the appropriate time period, the adversary proceeding will be dismissed.

## **ORDER**

For the reasons stated herein, the Debtor's motion for default judgment is denied. Further, if the Debtor does not file a notice of appeal within the time allowed therefor, the adversary proceeding will be dismissed.

So ORDERED.

Upon entry of this memorandum and order, the Clerk shall forward copies of this memorandum to the Chapter 13 trustee, and David C. Cox, Esq.

Entered on this 29th day of May, 2012.

_____
William E. Anderson
United States Bankruptcy Judge